McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Frank A Toddre, II
Nevada Bar No. 11474
  *frank.toddre@mccormickbarstow.com*
Stacy Norris
Nevada Bar No. 15445
  *stacy.norris@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA SCAMMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>GEICO CASUALTY COMPANY; DOES 1 through 10; ROE CORPORATIONS 11-20, inclusive,<br><br>  Defendants. | Case No. 2:21-cv-02188<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(b)** |

TO: THE CLERK OF THE COURT; ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant, GEICO Casualty Company ("GEICO" or "Defendant"), by and through its counsel of record, McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, hereby gives notice of removal of the above-entitled action from the Eighth Judicial District Court of Clark County, Nevada, Case No. A-21-843358-C, to the United States District Court for the District of Nevada and further states as follows:

**STATEMENT OF JURISDICTION**

This Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and removal is therefore proper under 28 U.S.C. § 1441(b) as there is complete diversity between

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

Case No. 2:21-cv-02188
NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(b)

the parties and the matter in controversy exceeds $75,000.00.

## THE REMOVED CASE

The removed case is a civil action and was originally filed on October 28, 2021 in the Eighth Judicial District Court of Nevada, Clark County, having been assigned Civil Case No. A-21-843358-C, captioned: "*Sandra Scamman, an Individual; Plaintiff, v. GEICO Casualty Company; Does 1 through 10; Roe Corporations 11-20, inclusive, Defendants*." A copy of Plaintiff's Complaint is attached hereto as Exhibit "A." Plaintiff filed an Amended Complaint on November 3, 2021, a copy of which is attached hereto as Exhibit "B." Plaintiff alleges in the removed case that he was in an automobile accident and sustained injuries. Plaintiff alleges that she is entitled to the policy limits of the Underinsured Motorist's policy Defendant issued to her and that its failure to pay said amounts caused her "damages." Plaintiff demanded policy limits, general and special damages, interest, attorney fees and costs.

As required by 28 U.S.C. § 1446(a), a copy of all processes GEICO received and pleadings and orders served upon Defendant in the removed case are attached as Exhibits "A," "B," and "C" hereto.

## REMOVAL IS TIMELY

This action was commenced on October 28, 2021. The Summons and Complaint was served upon Defendant by and through the Nevada Division of Insurance, on November 12, 2021. No other service has been effectuated. Thus, this removal is within 30 days of receipt of the Summons and Complaint by Defendant.

## VENUE REQUIREMENT IS MET

Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States Court of the District and Division embracing the place where the State Court action is pending.

## DIVERSITY OF CITIZENSHIP EXISTS

This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff alleges she is a resident of the County of Clark, State of Nevada. Defendant, GEICO, is a Maryland corporation with its principal place

of business in Chevy Chase, Maryland and at all times relevant to this matter doing business in the State of Nevada.

**THE AMOUNT IN CONTROVERSY**

In this action, Plaintiff alleges that she was involved in a motor vehicle collision that took place on or about January 26, 2018. (Ex. "B," 2:10-11). Plaintiff alleges as a result of this collision that she sustained "permanent injuries" and "loss of earnings and earning capacity." (Ex. "B," 2:12-18). Plaintiff's Complaint alleges three (3) causes of action for which she seeks to recover damages: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) putative violations of the Nevada Unfair Claims Practices Act. (Ex. "B," 2:19-25; 3:1-14; 3:14-26). Plaintiff is seeking general and special damages, as well as punitive damages, damages for lost earnings and future earning capacity, emotional distress, each in an amount in excess of $15,000, in addition to attorney's fees and costs. (Ex. "B," 4:3-5:2).

In addition to the above, Plaintiff alleges that the policy in effect through Defendant provided for Uninsured/Underinsured motorist coverage for which she is entitled to the policy limit. (Ex. "B," 4:4-6). Plaintiff's UM/UIM policy limits are $500,000 per person.

"When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy"). The Complaint, when viewed in its totality, leads to an inference that it is "facially apparent" that the claims exceed the jurisdictional threshold of $75,000. Plaintiff is seeking $500,000 under the UM/UIM policy at issue, plus she seeks no less than $75,000 in general and special damages, and no less than $15,000 in punitive damages. Further, punitive damages are contemplated by statute where an insurer is found to have acted in bad faith. Nev. Rev. Stat. Ann. § 42.005 ("[t]he limitations on the amount of an award of exemplary or punitive damages prescribed

in subsection 1 do not apply to an action brought against … [a]n insurer who acts in bad faith regarding its obligations to provide insurance coverage"). Accordingly, the "compensatory damages [and] punitive damages alone would 'in all likelihood' exceed $75,000." *Id.* at 675 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

By a preponderance of the evidence, and with all categories of damages alleged taken into account, the Complaint alleges an amount in controversy in excess of $75,000.00.

Hence, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (1) the action is a civil action pending within the jurisdiction of the United States District Court for the District of Nevada; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## **FILING REMOVAL PAPERS**

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been provided simultaneously to Plaintiff. A copy of this Notice of Removal will be filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

WHEREFORE, Defendant, hereby removes the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada and requests that further proceedings be conducted in this Court as provided by law.

Dated:  December 13, 2021                McCORMICK, BARSTOW, SHEPPARD,
                                         WAYTE & CARRUTH LLP


By: _____/s/ Jonathan W. Carlson_____
    Jonathan W. Carlson
    Nevada Bar No. 10536
    Frank A Toddre, II
    Nevada Bar No. 11474
    Stacy Norris
    Nevada Bar No. 15445
    Attorneys for Defendant

8091851.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2021, a true and correct copy of **NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(b)** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By /s/ Cheryl A. Schneider
Cheryl A. Schneider, an Employee of
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

5                                              Case No. 2:21-cv-02188
NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(b)